U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 JUL 27 AM 10: 54

CLERK

BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY,<br>6200 South Gilmore Road<br>Fairfield, OH 45014<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOSEPH KRAVETZ<br>233 Killington Avenue<br>Rutland, VT 05701<br><br>　　　　　and<br><br>EAST CREEK MOTORS, LLC<br>277 West Street<br>Rutland, VT 05701<br><br>　　　　　　　　　Defendants. | CIVIL ACTION<br><br>Case No.: 5:16-cv-212<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, The Cincinnati Insurance Company, by and through its undersigned attorneys, states by way of Complaint against Defendants Joseph Kravetz and East Creek Motors, LLC, as follows:

### PARTIES

1. Plaintiff, The Cincinnati Insurance Company (hereinafter "Cincinnati") is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 6200 South Gilmore Road, in Fairfield, Ohio. At all times relevant hereto, Cincinnati was licensed to issue and administer insurance policies within the State of Vermont.

2. At all times relevant hereto, defendant Joseph Kravetz (hereinafter, "Kravetz") was a citizen and resident of the State of Vermont with a residence address located at 233 Killington Avenue in Rutland, Vermont.

3. At all times relevant hereto, defendant East Creek Motors, LLC (hereinafter, "East Creek") was a limited liability company organized and existing under the laws of the State of Vermont with its principal place of business located at 277 West Street in Rutland, Vermont. The registered agent for service of process upon East Creek is Joseph Kravetz, 233 Killington Avenue, Rutland, Vermont.

4. At all times relevant hereto, East Creek was engaged in the business of motor vehicle sales, storage and repairs.

## JURISDICTION

5. This action is commenced in the United States District Court for the District of Vermont pursuant to 28 U.S.C. §1332, as there is diversity of citizenship between the plaintiff and the defendants.

6. Furthermore, the amount in controversy, exclusive of interest and costs is in excess of $75,000.00.

## VENUE

7. This action in properly venued in the United States District Court for the District of Vermont pursuant to 28 U.S.C. § 1391(b) as the defendants reside and conduct business within the District of Vermont and a substantial part of the events and omissions which give rise to this action occurred within the District of Vermont.

## FACTUAL BACKGROUND

8. Plaintiff's insured, Young's Spring, Inc. (hereinafter, "Young's Spring"), was the owner of a tenant occupied commercial property located at 274-277 West Street, in Rutland, Vermont (hereinafter, the "Property").

9. At all times relevant hereto, plaintiff insured Young's Spring for losses to, among other things, the structures on the Property and other losses pursuant to a policy of insurance, Policy Number 05 EPP 0163117 (hereinafter, the "Policy").

10. Prior to January 8, 2014, Young's Spring entered into a property lease agreement with defendants, Kravetz and East Creek Motors, LLC to lease the Property. Plaintiff's insured was the "Lessor" under the lease.

11. The lease listed the "Lessee" as "Joseph M. Kravetz d/b/a East Creek Motors, LLC."

12. The lease further provided in a section entitled "Insurance"

> The Lessee shall save Lessor harmless and indemnify Lessor from all injury, loss, claims or damage to any person or property while on the Leased Premises. Lessee shall maintain, with respect to the Leased Premises, public liability insurance with limits of not less than one million dollars for injury or death from one accident and $250,000.00 property damage insurance, insuring Lessor and Lessee against injury to persons or damage to property on or about the Leased Premises. A copy of the policy or a certificate of insurance shall be delivered to Lessor on or before the commencement date and no such policy shall be cancelable without ten (10) days prior written notice to Lessor.

13. On January 8, 2014, Kravetz was working on a vehicle in a garage at the Property.

14. Kravetz removed the gas tank from the vehicle and placed it on his work bench so that he could drain the gasoline out of it. While Kravetz was in the process of draining the gasoline from the gas tank, he used a cutting torch to cut parts from the vehicle.

15. While in the process of using the cutting torch, Kravetz allowed sparks and/or hot slag to fall into a puddle of gasoline thereby igniting the fuel and causing a fire that spread through the garage causing extensive damage. The fire damage to the garage required it to be demolished.

16. As a result of the January 8, 2014 fire, and pursuant to the terms and conditions of the Policy, Cincinnati made payments to or on behalf of its insured in the amount of $235,830.00.

17. As a result of the January 8, 2014 fire, the payments it made to its insured, and pursuant to the terms and conditions of the Policy, Cincinnati is legally, equitably and contractually subrogated to the rights of its insured to the extent of its payments.

## COUNT I- NEGLIGENCE

18. Plaintiff repeats the allegations set forth in paragraphs 1 through 17 of the Complaint as if fully set forth herein at length.

19. At all times relevant hereto, defendants Kravetz and East Creek acted through their duly authorized agents, servants, employees, and subcontractors and are therefore vicariously liable for their actions and inactions.

20. Defendants Kravetz and East Creek owed duties to the plaintiff's insured to exercise reasonable care in their activities in the garage at the Property. Such duties included but were not limited to the duty to exercise reasonable care in the use of cutting torches and equipment so that the products of the use of such torches and equipment, including sparks and hot slag, did not come into contact with combustibles.

21. Defendants Kravetz and East Creek breached their duties by performing work with cutting torches and other equipment in a negligent, careless and reckless manner.

4

22. The January 8, 2014 fire was caused by the negligence, carelessness, recklessness and negligent acts and/or omissions of defendants Kravetz and East Creek.

23. The aforesaid negligence, carelessness, recklessness and/or negligent acts and/or omissions of defendants Kravetz and East Creek were the direct and proximate cause of the damages sustained by plaintiff's insured.

24. As a direct and proximate result of the negligence of defendants Kravetz and East Creek, Young's Spring suffered significant damages to the garage at the Property for which plaintiff made payments to or on behalf of its insured in the amount of $235,830.00.

25. As a result of the payments it made to its insured, and pursuant to the terms and conditions of the Policy, Cincinnati is legally, equitably and contractually subrogated to the rights of its insured to the extent of its payments.

**WHEREFORE**, plaintiff, The Cincinnati Insurance Company, demands judgment in its favor and against defendants Joseph Kravetz and East Creek Motors, LLC on Count I of the Complaint jointly, severally and in the alternative for compensatory damages in the amount of $235,830.00 together with interest, attorney's fees, costs of suit and such other relief as the Court deems just and appropriate.

## COUNT II- BREACH OF CONTRACT

26. Plaintiff repeats the allegations set forth in paragraphs 1 through 25 of the Complaint as if fully set forth herein at length.

27. Prior to January 8, 2014, Kravetz and East Creek entered into a lease with Young's Spring for the use of the Property including the garage building located thereon.

28. Pursuant to the lease, Kravetz and East Creek were required to save Young's Spring harmless and indemnify Young's Spring for all losses, including property damage, while they were in possession of the Property.

29. In addition, Kravetz and East Creek were required to maintain $250,000.00 in property damage insurance insuring Young's Spring for damage to property at the leased premises.

30. Plaintiff's insured preformed all required conditions precedent.

31. Defendants Kravetz and East Creek caused the January 8, 2014 fire at the Property and destroyed the garage located on the Property through their negligence as described above.

32. Despite demands by plaintiff that Kravetz and East Creek save Young's Spring harmless and indemnify Young's Spring for damages to the Property while it was in the defendants' control, the defendants' have not compensated Young's Spring or plaintiff Cincinnati for the losses incurred as a result of the January 8, 2014 fire as required by the lease.

33. In addition, defendants Kravetz and East Creek failed to maintain $250,000.00 in property damage insurance on the leased premises as required by the lease.

34. The failure of Kravetz and/or East Creek to save Young's Spring harmless and indemnify Young's Spring for damage to the Property constituted a breach of the lease.

35. The failure of Kravetz and East Creek to maintain $250,000.00 in property damage insurance for the Property also constituted a breach of the lease.

36. As a direct and proximate result of the defendants' breaches of the lease, Young's Spring suffered damages as described above for which it was compensated by the plaintiff.

37. As a result of the payments it made to its insured, and pursuant to the terms and conditions of the Policy, Cincinnati is legally, equitably and contractually subrogated to the rights of its insured to the extent of its payments.

**WHEREFORE**, plaintiff, The Cincinnati Insurance Company, demands judgment in its favor and against defendants Joseph Kravetz and East Creek Motors, LLC on Count II of the Complaint jointly, severally and in the alternative for compensatory damages in the amount of $235,830.00 together with interest, attorney's fees, costs of suit and such other relief as the Court deems just and appropriate.

### JURY DEMAND

Plaintiff, The Cincinnati Insurance Company, hereby demands a trial by jury as to all issues.

THE BURLINGTON LAW PRACTICE, PLLC

Dated: 7/27/2016

Joshua L. Simonds, Esquire
2 Church Street Suite 2-G
Burlington, VT 05401
Phone: (802) 651-5370
Fax: (802) 651-5374
Email: jls@burlingtonlawpractice.com